UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DERRICK S. DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CV-86 |
| | ) | |
| CARAVAN FACILITIES MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court for rulings on several pending motions, including the following:

1. Amended Motion for Summary Judgment filed by Defendant Caravan on March 5, 2018 (ECF 42) and brief in support (ECF 43), to which Plaintiff Davidson filed a response in opposition on November 19, 2018 (ECF 67)[1] and Caravan filed a reply on December 19, 2018 (ECF 68);

2. Motion to Enforce Settlement Agreement filed by Caravan on May 14, 2018 (ECF 53), to which Davidson filed a response on May 22 (ECF 56) and Caravan filed a reply on May 25 (ECF 58);

3. Motion Requesting Order Granting Motion to Enforce Settlement Agreement or, in the Alternative, Summary Judgment filed by Caravan on August 21, 2018 (ECF 64), to which Davidson filed a response on September 25, 2018 (ECF 65); and

4. Motion for Attorney Fees (Limited) Incurred in Preparing Defendant's Amended Motion for Summary Judgment filed by Caravan on December 19, 2018 (ECF 69), to which Davidson did not file a response.

For the reasons explained below, the Amended Motion for Summary Judgment (ECF 42)

---

[1] Davidson, who is now proceeding *pro se* for the reasons explained below, titled his pleading at ECF 67 as "Defendant's Motion of Summary Judgment," so it was docketed as a motion. The title is a misnomer because the filing is not a motion, but rather Davidson's *response* in opposition to Caravan's motion. **The Clerk of the Court is directed to amend the docket to reflect that ECF 67 is Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment.**

is DENIED AS MOOT; the Motion to Enforce Settlement Agreement (ECF 53) is GRANTED; the Motion Requesting Order (ECF 64) is DENIED AS MOOT; and the Motion for Attorneys Fees (ECF 69) is DENIED. This case is DISMISSED PURSUANT TO THE PARTIES SETTLEMENT AGREEMENT AT ECF 53-2, pp. 3-7.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Derrick Davidson filed this lawsuit against his employer, Caravan Facilities Management, on March 9, 2017, alleging that Caravan discriminated against him on the basis of race and gender. Complaint (ECF 1). Davidson was represented by counsel at the time. *Id*. The parties stipulated to the dismissal of Davidson's gender discrimination claims (*see* Joint Motion to Dismiss, ECF 20) and Davidson filed a First Amended Complaint on July 17, 2017, reasserting his race claims (and race related retaliation claims) (ECF 25). Caravan filed a motion for summary judgment on March 5, 2018, which is still pending (ECF 42). In lieu of a response brief opposing that motion, Davidson filed a Notice of Resolution on April 13, 2018, in which he stated that "resolution in this case has been achieved among the parties[]" and that "[t]he parties will be filing a stipulation of dismissal within 30-days[.]" Notice of Resolution (DE 47). However, no such stipulation was filed. Instead, Davidson's attorneys filed a motion to withdraw (ECF 48). On May 14, 2018, Caravan filed a motion to enforce the settlement agreement it contends the parties negotiated and finalized. Motion to Enforce Settlement Agreement (ECF 53). In that motion, Caravan insists that the parties reached an agreement to resolve this case in its entirety and sets out the details regarding how and when the settlement was reached by the attorneys for each side. *Id*., generally. Davidson filed a response opposing this motion, stating in pertinent part as follows:

2

> 1. While Plaintiff did allow his attorney to enter into the Settlement Agreement, Plaintiff did not know the outcome of the settlement process until he reviewed the written Settlement Agreement, and Plaintiff does not agree with the written Settlement Agreement.
>
> 2. Plaintiff requests additional time within which to hire a different lawyer to go forward with the case and to oppose the Settlement Agreement.
>
> 3. Plaintiff believes that he should not have to give up EEOC claims that came into existence after the disputes that are set forth in his Complaint, and he wishes to consult with an attorney (a different attorney) so that he can pursue any and all EEOC claims that were filed with the EEOC subsequent to the events set forth in his Complaint.

Plaintiff's Response (ECF 56), p. 1. In another pleading, which he filed *pro se*, Davidson insisted that he "was not satisfied with the Settlement Agreement on the basis that I would be signing an agreement that I feel will not help myself or my family[.] After I read the terms I informed [attorney Myers] that I did not agree to dismissing the EEOC charges[.]" Motion to Continue (ECF 59), p. 1. Caravan argues that the agreement reached in this case is enforceable, notwithstanding Davidson's objections, and that the Court should enforce the agreement and dismiss this case. Motion to Enforce Settlement Agreement, pp. 2-6.

In an order entered on July 2, 2018, the Court took Caravan's motion to enforce the settlement agreement under advisement pending Davidson's attempts to obtain another attorney. Court Order, (ECF 61). On July 19, the Court held an in-person hearing to address Davidson's attorneys' motion to withdraw and Caravan's motion to enforce settlement. At the conclusion of that hearing the Court granted the motion to withdraw, granted Davidson "30 days within which to secure new counsel[]" and directed that his new lawyer "shall . . . promptly file briefs in response" to both the motion to enforce settlement and the amended motion for summary judgment. Docket Entry (ECF 63). That 30-day period came and went and no lawyer entered an

appearance on behalf of Davidson. Consequently, on August 21, Caravan filed its Motion Requesting Order Granting Motion to Enforce Settlement or, in the Alternative, Summary Judgment (ECF 64). Davidson's response to that motion came in the form of a letter to the Court in which he conceded that he was been unable to obtain counsel despite his months-long effort to do so. He asked the Court to allow him to proceed *pro se* and "represent myself in this case[.] I have exhausted all options and I believe only I can get the facts and accurate events that has lead [sic] to my pursuit of this lawsuit." Letter/Motion for Extension of Time (ECF 65). The Court construed the letter as a motion for extension of time and granted Davidson an extension to November 19, 2018, in which to file his *pro se* response to Caravan's Amended Motion for Summary Judgment. *See* docket entry 66. Briefing on all the pending motions was completed on December 19 when Caravan filed its reply brief and motion for attorney fees. The Court has reviewed all of the pleadings and concludes that Caravan's Motion to Enforce Settlement Agreement is dispositive.

## DISCUSSION

**I. Motion to Enforce Settlement Agreement.**

Caravan has filed three motions seeking dismissal of this lawsuit–a motion for summary judgment, a motion to enforce the settlement agreement, and a motion requesting a final ruling on one or the other–and all three remain pending (along with the recently filed motion for attorney fees). The resolution of these motions has been delayed as a result of Davidson's objection to the settlement agreement and his request for additional time to find another attorney. Davidson was afforded ample time to secure representation and was unable to do so, but his *pro se* brief competently states (or reiterates) his position. He continues to insist that Caravan's

motion to enforce the settlement agreement should be denied because he does not agree to its terms, and that Caravan's motion for summary judgment should be denied because he "was never considered for management positions" that he claims he was qualified for and because Caravan allegedly retaliated against him "because of complaints I filed with the E.E.O.C. and through the union[.]" Plaintiff's Response in Opposition (ECF 67), pp. 6-7. Davidson's brief includes a detailed factual recitation of his employment history with Caravan and the many incidents or issues that arose during that time that he contends support his claims for race discrimination and retaliation. In the end, Davidson's arguments cannot defeat Caravan's motion to enforce the settlement agreement.

The settlement agreement in this case was negotiated shortly after the close of discovery and the filing of Caravan's motion for summary judgment on March 5, 2018. According to Caravan, it developed this way:

> A few days before Plaintiff's response to Caravan's motion for summary judgment was due, Plaintiff's attorney, Chris Myers, left a message for Scott Preston, one of Caravan's attorneys, about a potential settlement. Mr. Myers represented that Plaintiff's case had no merit and Plaintiff would dismiss the lawsuit if Caravan agreed to waive its costs. On April 11, 2018, Mr. Preston emailed Mr. Myers stating in relevant part: "My client will agree to the dismissal with prejudice with waiver of costs and fees–provided Davidson agrees to withdraw his two current EEOC Charges." Mr. Myers responded to Mr. Preston's email on April 13, 2018, writing: "Deal. Mutual walk away, dismissal with prejudice, parties pay their own fees/costs, Davidson agrees to withdraw current EEOC charges. . . . I'll notify the court that this matter has been concluded and that we will be filing a Stipulation of Dismissal."

Motion to Enforce Settlement Agreement (ECF 53), pp. 1-2; *id*., Exh. A (email exchange). When the time came to sign the agreement, Davidson balked.

A settlement agreement is a contract that is enforceable under ordinary state-law contract

5

principles. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). A settlement agreement in a federal case is "just like any other contract." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). Therefore, Indiana law governs, and under Indiana law, an agreement to settle a lawsuit is generally enforceable. *See Zimmerman v. McColley*, 826 N.E.2d 71, 76-79 (Ind.Ct.App. 2005). "It is established that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id.* at 76 (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)).

This Court addressed the issue of the enforceability of settlement agreements in a case very similar to this one, in which Chief Judge Theresa Springmann enforced a settlement agreement over the Plaintiff's objections, explaining as follows:

> Settlement agreements are "enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute." *Glass v. Rock Island Ref. Corp.*, 788 F.2d 450, 454 (7th Cir. 1986) (internal quotations omitted) (applying Indiana law). Once the parties come to an agreement, none can "avoid the agreement merely because he subsequently believes the settlement insufficient. . . ." *Id*. That is, once a party has authorized a settlement agreement, he is bound to its terms even if he later changes his mind. *Id*. at 454-55.
>
> The Plaintiff's grounds for rescinding the settlement agreement are that his counsel (1) mistakenly told him that he needed an expert witness to prove his damages, and (2) failed to tell him that the maximum penalty under the EMTALA had increased from $50,000 to more than $100,000. The Plaintiff asserts that if he had known this information, he would not have agreed to a settlement amount of $23,000. The Plaintiff's assertions amount to an argument that the settlement agreement is not enforceable based on his unilateral mistake. However, unilateral mistake is not sufficient grounds on which to rescind an agreement under Indiana law. *See Carlson v. Sweeney Dabagia, Donoghue, Thorne, Janes & Pagos*, 895 N.E.2d 1191, 1199 (Ind. 2008) (collecting cases). More specifically, "[a] contract generally may not be avoided for unilateral mistake unless the mistake was induced by the misrepresentation of the opposite party." *Ball v. Versar, Inc.*, 454

6

> F.Supp.2d 783, 807 (S.D. Ind. 2006) (emphasis added) (quoting *Mid-States Gen. Mech. Contracting Corp. v. Town of Goodland*, 811 N.E.2d 425, 435 (Ind.Ct.App. 2004)).
>
> The Plaintiff did not allege any misrepresentation by an opposing party, but rather claimed that it was misrepresentations of his own counsel that caused him to enter into the settlement agreement. But, courts have held that misrepresentation of one's own counsel are insufficient to void a settlement agreement. *See, e.g., Qiang Wang v. Palo Alto Networks, Inc.*, 686 Fed.Appx. 890, 894-95 (Fed. Cir. 2017) (refusing to vacate settlement agreement where the plaintiff claimed it was based on erroneous legal advice); *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101-02 (9th Cir. 2006) ("A party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney.").
>
> Therefore, the Court [finds] that the Plaintiff entered into an enforceable settlement agreement, and his later change of heart and arguments regarding alleged erroneous advice from his counsel do not affect the settlement agreement's validity or enforceability. Any matters the Plaintiff wishes to pursue as it relates to the sufficiency of his legal representation are not properly before this Court and are best addressed, if at all, by separate litigation.

*Stewart v. Allen Cty. Jail*, 2018 WL 3238552, at *2 (N.D. Ind. July 3, 2018), appeal dismissed sub nom. *Stewart v. Parkview Hosp. Inc.*, 2018 WL 6981215 (7th Cir. Aug. 30, 2018).

The situation in this case mirrors *Stewart*. Caravan maintains that the settlement agreement negotiated in this case, agreed to while Davidson "was represented by his chosen counsel during the negotiations and settlement," is enforceable and that Davidson "is attempting to back out of the agreement and wishes to oppose summary judgment instead." Motion to Enforce Settlement Agreement, p. 6. But, argues Caravan, "[a] change of heart . . . is not a basis for getting out of an enforceable settlement agreement." *Id.* (citing *Taylor v. Gordon Flesch Co.*, 793 F.2d 858, 863 (7th Cir. 1986) ("a party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement is insufficient."); *Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind.Ct.App. 2011) ("Indiana strongly favors settlement agreements and if a

7

party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement.")). Caravan points out that Davidson "admits that he 'did allow his attorney to enter into the Settlement Agreement. . . . Thus, there is no dispute that Plaintiff's counsel had actual authority to enter in[to] the agreement with Defendant." Reply in Support of Motion to Enforce, p. 1 (quoting Plaintiff's Response (ECF 56), p. 1). Davidson has acknowledged all along that he changed his mind about the Settlement Agreement when he saw it reduced to writing. His stated reason for opposing the settlement reveals that his objection amounts to "buyer's remorse," which as Judge Springmann explained in *Stewart* is not grounds for voiding or rescinding a settlement agreement. Davidson says that he "informed Christopher Myers my attorney that I was not satisfied with the settlement agreement on the basis that I would be signing an agreement that I feel will not help my myself or my family[.] After I read the terms I informed Chris I did not agree to [dismissing] the EEOC charges because Caravan Facilities Management LLC, practices in creating a hostile work environment for me and my family." Plaintiff's *pro se* Motion for Continuance (ECF 59), p. 1. When faced with the prospect of dismissing this case by way of "mutual walk away" as negotiated by his attorney, Davidson apparently had second thoughts about the settlement based on his belief that Caravan "practices in creating a hostile work environment[.]" (Davidson reiterated this position at the hearing held on July 19, 2018.)

Davidson presents no valid basis to challenge the enforceability of the settlement agreement this case. His subjective belief that the agreement should be voided because it fails to remedy an allegedly hostile work environment is not grounds for voiding or rescinding the settlement agreement. The Court finds that the settlement agreement negotiated in this case, as

8

set forth in Exhibit B to Caravan's Motion to Enforce Settlement Agreement (ECF 53-2), pp. 3-7, is valid and enforceable. Accordingly, Caravan's motion to enforce is GRANTED.

### II. Motion for Attorney Fees

Caravan moves the Court to enter an order directing Davidson "to pay Caravan's fees incurred in preparing its amended motion for summary judgment and accompanying brief[,]" totaling $1,190.00." Motion for Limited Attorney's Fees (ECF 69), p. 2. Caravan contends it is entitled to these fees for the following reasons:

> On February 15, 2018, Magistrate Judge Collins held a hearing on Plaintiff's Motion to Compel. Magistrate Judge Collins granted Plaintiff's Motion to Compel, but in so doing, she permitted Caravan to file an amended motion for summary judgment and supporting brief. . . . She also stated that she would consider a motion for the costs of amending the motion for summary judgment and brief to cure the prejudice to Caravan in reopening discovery.

*Id*. (citing docket entry 40, p. 12, lines 21-25). The "prejudice" Caravan refers to is the fact that Davidson's motion to compel was filed after the close of discovery and after Caravan filed its original motion for summary judgment. The company explains that "[a]fter Caravan supplemented its discovery responses and filed its amended motion for summary judgment, Plaintiff's counsel offered to dismiss the case in exchange for a waiver of costs and the withdrawal of two EEOC charges that Plaintiff had filed during the course of litigation. Plaintiff refused to withdraw the charges, Plaintiff's counsel withdrew from the litigation and Plaintiff filed his response to the amended summary judgment motion *pro se*." As a result, "Caravan's attorneys spent 3.2 hours amending Caravan's motion for summary judgment and accompanying brief" and submitted affidavits from two of its attorneys itemizing the fees incurred. *Id*., Exhibits 1 and 2.

9

Caravan is correct that Magistrate Judge Collins indicated that she would consider a motion for fees given that the Defendant had to amend its already filed motion for summary judgment. And while the fees that Caravan seeks are reasonable and supported by affidavits, the Court nevertheless denies the motion.

A trial court has broad discretion to award or decline to award attorney's fees. "A court's discretion to award a reasonable attorney fee extends to more than just whether a fee will be awarded, its discretion may result in no award for attorney fees." *Carrington at Stonebridge Condo. Ass'n v. Galanos*, 2015 WL 332083, at *5 (N.D. Ind. Jan. 26, 2015); *see also Austin v. Fornoff*, 2012 WL 4845598, at *1 (N.D. Ill. Oct. 5, 2012) (citing *Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729, 730 (7th Cir. 1978) ("District Court has broad discretion in making an award of attorney's fees[]" and "[t]he amount of the fee must be determined on the facts of each case."); *Wells Fargo Bank, Nat'l Association v. Worldwide Shrimp Co.*, 2017 WL 7689635, at *9 (N.D. Ill. Dec. 29, 2017) ("court has discretion to include as a term of dismissal without prejudice that the plaintiff pay the defendants' attorneys' fees and costs."); *Bluestein v. Cent. Wisconsin Anesthesiology, S.C.*, 769 F.3d 944, 956 (7th Cir. 2014) (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.")); *Simplex, Inc. v. Glob. Source One Int'l, Inc.*, 2013 WL 5348566, at *1 (C.D. Ill. Sept. 23, 2013) (discussing court's discretion to fashion and apportion fee awards).

In this case, the fees that Caravan seeks to recover, if awarded, would serve more as a sanction against Davidson than a cure for any prejudice suffered by Caravan's attorneys, who had

to spend less than half a work day amending their summary judgment pleadings. Even though Davidson caused Caravan to jump through some additional hoops and incur an additional $1,200 in fees to get there, the company has achieved what it wanted–enforcement of the parties' settlement agreement. Balancing the equities, the Court concludes that any prejudice arguably suffered by Caravan was minimal and does not warrant the imposition of a financial penalty against Davidson. The Court therefore denies Caravan's motion for fees.

## CONCLUSION

For the reasons explained above, Defendant Caravan's Amended Motion for Summary Judgment (ECF 42) is DENIED AS MOOT; Caravan's Motion to Enforce Settlement Agreement (ECF 53) is GRANTED; Caravan's Motion Requesting Order (ECF 64) is DENIED AS MOOT; and Caravan's Motion for Attorneys Fees (ECF 69) is DENIED. This case is DISMISSED PURSUANT TO THE PARTIES SETTLEMENT AGREEMENT AT ECF 53-2, pp. 3-7.

Date: February 2, 2019.

/s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana